82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Huey H. WILLIAMS, Jr., Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-3873.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1996.
 
 Before: KENNEDY, WELLFORD and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Huey H. Williams, Jr., appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Williams filed an application for social security disability insurance benefits alleging that he suffered from numbness and pain in the left shoulder and left arm, diabetes, and pain in the legs and lumbar region of the spine. Following a hearing, an administrative law judge (ALJ) determined that Williams was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Williams then filed a complaint seeking review of the Commissioner's decision. The parties consented to have the case tried before a magistrate judge. The magistrate judge affirmed the denial of benefits and granted judgment to the Commissioner. Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 4
 Williams feels that the ALJ erred by disregarding his subjective complaints of pain. The ALJ properly rejected Williams's subjective complaints of disabling pain, see Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam), and Williams did not present objective medical evidence that he was suffering from a condition that would cause disabling pain. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 5
 Williams contends that the ALJ erred by concluding that he could perform a full range of light work and erroneously relied on the medical-vocational guidelines to conclude that Williams was not disabled. The medical evidence shows that Williams can perform light work. Further, as Williams does not suffer from a nonexertional impairment, the ALJ could rely on the medical-vocational guidelines to conclude that Williams was not disabled. See Cole v. Secretary of Health and Human Servs., 820 F.2d 768, 772 (6th Cir.1987).
 
 
 6
 Accordingly, we affirm the district court's judgment.